IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL A. McNEW,

    Petitioner,

v.

ERNIE MOORE, WARDEN,
Lebanon Correctional Institution,

    Respondent.

:
:
:
:
:

Case No. 3:13-cv-15

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #10) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #14); SUSTAINING IN PART AND OVERRULING IN PART PETITIONER'S OBJECTIONS THERETO (DOCS. ##12, 16); DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (DOC. #1) WITH PREJUDICE; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; GRANTING CERTIFICATE OF APPEALABILITY AS TO A PORTION OF GROUND ONE; TERMINATION ENTRY

---

Petitioner, Michael A. McNew, was convicted in state court of rape and gross sexual imposition following an incident involving his 11-year-old stepdaughter.[1] His Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 asserts the following Grounds for Relief: (1) numerous violations of the Confrontation Clause of the Sixth Amendment to the United States Constitution;

---

[1] Petitioner was tried twice. His first conviction was reversed by the appellate court. On remand, he was again found guilty, and sentenced to fifteen years to life.

(2) insufficiency of the evidence with respect to the victim's age; and (3) cumulative error. Doc. #1.

On July 29, 2013, United States Magistrate Judge Michael Merz issued a Report and Recommendations, Doc. #10, recommending that the Petition be dismissed with prejudice, and that Petitioner be denied a certificate of appealability. Petitioner filed timely Objections, Doc. #12. After the Magistrate Judge issued a Supplemental Report and Recommendations, Doc. #14, Petitioner again filed timely Objections, Doc. #16. Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court must conduct a *de novo* review of those portions of the Magistrate Judge's disposition that have been properly objected to.

Based on the reasoning and citations of authority set forth by Magistrate Judge Merz, in his July 29, 2013, Report and Recommendations (Doc. #10), as modified by his September 10, 2013, Supplemental Report and Recommendations (Doc. #14), as well as upon a thorough *de novo* review of this Court's file and the applicable law, this Court ADOPTS said judicial filings (Docs. ##10, 14) in their entirety with respect to the merits of the claims set forth in the Petition for a Writ of Habeas Corpus, and OVERRULES Petitioner's Objections thereto (Docs. ##12, 16).

Accordingly, the Petition for a Writ of Habeas Corpus (Doc. #1) is DISMISSED WITH PREJUDICE. Judgment will be entered in favor of Respondent and against Petitioner.

With respect to the question of whether Petitioner is entitled to a certificate of appealability, the Court ADOPTS IN PART and REJECTS IN PART the Magistrate Judge's recommended disposition (Docs. ##10, 14), and SUSTAINS IN PART and OVERRULES IN PART Petitioner's Objections (Docs. ##12, 16). The Court agrees with Magistrate Judge Merz that any appeal from this Court's decision as to the claims asserted in Grounds Two and Three of the Petition would be objectively frivolous. The same is true with respect to the Confrontation Clause violations asserted in Ground One involving the admission of statements by Officer Terry Phillips and Officer Chad Knedler, and the statement of Detective William Swisher concerning the comforter that Petitioner allegedly had wrapped around him when the police first arrived at his house.

Nevertheless, the Court finds that Petitioner is entitled to a certificate of appealability on the remaining portion of the Confrontation Clause violation asserted in Ground One. The victim in this case told the police and the nurse at the hospital that Petitioner had digitally penetrated her vagina. The victim's DNA was subsequently found on Petitioner's fingers. At trial, Detective Swisher was asked about swabbing Petitioner's fingers for DNA evidence.

> SWISHER: ". . . I took that cotton tipped swab and swabbed his hand, his right hand.
> STATE: "Okay. Now let's talk about that for just a moment. You indicated that you swabbed his hand. Now—and you wrote on there is [sic] hand, do you mean his hand or what did you swab?
> SWISHER: "No. I swabbed his index finger and his middle finger on this right hand.
> STATE: "Okay. And why did you do that?"
> [OBJECTION AND SIDEBAR]

3

> STATE: "Detective, you actually conferred with Detective Olinger, correct?
> SWISHER "That is correct.
> STATE: "Okay. And after conferring with him and interviewing the Defendant in the case, it was—the decision was made to swab his fingers.
> SWISHER "That is correct.
> * * *
> STATE: "And why did you decide to swab his fingers?
> SWISHER: "Because of the disclosure that the victim had made to Detective Olinger.
> STATE: "Okay. About digital penetration?
> SWISHER: "Yes."

*State v. McNew*, 2011-Ohio-6179, at ¶¶73-89 (Ohio Ct. App. Dec. 2, 2011).

In the state court of appeals, Petitioner argued that the admission of this testimony violated the Confrontation Clause because the victim's testimonial hearsay statement was improperly presented to the jury through Detective Swisher. The court found that the statement was inadmissible hearsay, but that the error was harmless "because the same information – the victim's allegation of digital penetration – was before the jury through the properly admitted testimony of the nurse." *Id.* at ¶91.

As Magistrate Judge Merz correctly noted, a Confrontation Clause violation is subject to a harmless error analysis. *Jordan v. Hurley*, 397 F.3d 360, 363 (6th Cir. 2005). "[A] habeas petitioner must establish the trial error had a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Id.* at 363-64 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). In making this determination, the court considers several factors, including "the importance of the witness' testimony in the prosecution's case, whether the testimony was

cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986).

Magistrate Judge Merz concluded that the state court's finding of harmlessness was not an objectively unreasonable application of *Brecht* or *VanArsdall*, particularly in light of the nurse's properly admitted testimony, and the DNA evidence. Doc. #10, PageID##2010-11. In his Supplemental Report and Recommendations, Magistrate Judge Merz further held that even if the Court were to review the claim *de novo*, it should find that the error was harmless. Doc. #14, PageID#2065. The Court agrees with Magistrate Judge Merz that, regardless of which standard is applied, any error in admitting Detective Swisher's testimony was harmless. In so holding, the Court adopts the reasoning set forth by Magistrate Judge Merz in his Report and Recommendation, Doc. #10, PageID#2011, and his Supplemental Report and Recommendation, Doc. #14, PageID##2062-65.

Nevertheless, Petitioner does make some colorable arguments concerning the harmless error analysis as applied to Detective Swisher's testimony. Petitioner notes that the victim's statements to the police and to the nurse were key to the prosecution's ability to prove penetration, an essential element of the rape conviction. Moreover, the prosecution's case was not airtight. According to the DNA analyst, the evidence did not conclusively prove that the DNA found on

5

Petitioner's fingers came from vaginal secretions of the victim, as opposed to her tears, sweat or saliva. Doc. #6-8, PageID##1665, 1675-76. Moreover, no male DNA was found on the vaginal or rectal swabs taken from the victim. Doc. #6-8, PageID#1660. Finally, Petitioner notes that the victim's school psychologist testified that the victim later told her that she had lied about what happened. Doc. #6-9, PageID #1728-29. Under these circumstances, another judge could reasonably find that the admission of Detective Swisher's testimony concerning the digital penetration did have a substantial and injurious effect on the outcome of the trial.

Given that Petitioner has made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would be debatable among reasonable jurists, and because any appeal from this Court's decision would not be objectively frivolous, Petitioner is granted a certificate of appealability as to that portion of the Confrontation Clause claim, asserted in Ground One of the Petition, challenging the admission of Detective Swisher's statements about the hand swab. Petitioner is denied a certificate of appealability for all other claims dismissed by this Court.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: November 12, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE